Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7459 | **DATE** | 12/16/2002 |
| **CASE TITLE** | Chester Florian, et al. vs. Sequa Corporation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [125-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 129 |
| ✗ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER FLORIAN, et al., | ) | |
| Plaintiffs, | ) | Case No. 98 C 7459 |
| v. | ) | |
| | ) | |
| SEQUA CORPORATION, et al. | ) | Judge Joan B. Gottschall |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Chester Florian and Kenneth Rolfe filed a fourth amended complaint consisting of four counts, which defendants Sequa Corporation ("Sequa") and James Boyle moved to dismiss in its entirety. For the reasons stated below, defendants' motion to dismiss is denied.

## Background

Although plaintiffs' fourth amended complaint is the subject of this motion to dismiss, an understanding of the court's disposition of their *third* amended complaint is important. On August 4, 2000, plaintiffs filed their four-count third amended complaint, which named Sequa, Boyle, United Steelworkers of America, AFL-CIO-CLC ("International Union"), Local Union 3911-09 of the United Steelworkers of America ("Local Union") and Richard Damron as defendants. In Count I, plaintiff Florian alleged that Sequa and the Local Union conspired to have Florian fired because of his unsuccessful attempt to run for union office, in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In Count II, plaintiff Rolfe alleged that Sequa failed to recall him from layoff because of the same alleged conspiracy and his association with Florian, in violation of § 301 of the LMRA. In Count III, Florian alleged a state law defamation claim against all defendants. In Count IV, Rolfe alleged a retaliatory discharge claim under Illinois law against Sequa.

On August 27, 2001, the court granted Sequa's motion for summary judgment on plaintiffs' LMRA claims in Counts I and II of their third amended complaint. At that time, the court also declined to exercise supplemental jurisdiction over the remaining state law claims in Counts III and IV. As a result, those claims were dismissed.

On September 6, 2001, plaintiffs filed a motion for reconsideration of the court's order declining to exercise supplemental jurisdiction over their state law claims, asking the court to retain jurisdiction over those claims on the basis of diversity jurisdiction. On June 24, 2002, the court granted the motion for reconsideration. Because plaintiffs had not alleged diversity jurisdiction in the third amended complaint, the court granted them leave to amend the complaint with respect to the state law claims.

Consequently, on July 11, 2002, plaintiffs filed their fourth amended complaint, again consisting of four counts. In Counts I and II, which are identical to Counts I and II in the third amended complaint, plaintiffs allege that Sequa and the Local Union violated § 301 of the LMRA. In Count III, Florian again alleges a state law defamation claim but names only Sequa and Boyle as defendants, dropping the Unions and Damron; aside from that deletion and the addition of jurisdictional allegations, the amended Count III is substantially the same as its predecessor. In Count IV, Rolfe again alleges retaliatory discharge under Illinois law against Sequa; other than adding jurisdictional allegations, the amended Count IV is virtually unchanged.

Before the court is defendants' motion to dismiss Counts III and IV pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Count III pursuant to Rule 12(b)(7) for failure to join a necessary and indispensable party under Rule 19. Sequa also moves to dismiss Counts I and II pursuant to Rule 12(b)(6) for failure to state a claim.

## Discussion

As a threshold matter, the court observes that Counts I and II are no longer pending counts in this action: the court previously granted summary judgment on those counts in favor of Sequa. After that ruling, the court granted plaintiffs leave to file a fourth amended complaint to amend their *state law* claims. (Order of 6/24/02.) The fourth amended complaint includes Counts I and II as well as the amended state law claims. Sequa evidently views the inclusion of Counts I and II as an improper attempt to reassert them, and thus argues for dismissal for failure to state a claim based on the law of the case doctrine. Plaintiffs in turn explain that they included those counts not to revive them, but to avoid prejudicing their right to appeal this court's summary judgment decision. The court finds nothing improper in plaintiffs' decision to leave Counts I and II in the fourth amended complaint. Whether or not it is necessary, it is not an uncommon practice for parties to include such counts in an amended complaint to preserve appellate rights. Nor is it uncommon to include them for organizational reasons—*e.g.*, when, as in the case at bar, counts that are still pending incorporate by reference allegations from counts that have been ruled upon. There was no reason for confusion or concern about whether plaintiffs were attempting to revive the claims; moreover, any confusion that did result could have been resolved by a discussion between the parties. The inclusion of Counts I and II in the fourth amended complaint after the court's ruling on summary judgment did not convert them into pending claims. Accordingly, Sequa's motion to dismiss Counts I and II is denied as moot.

Because the court disposed of the federal claims when it granted summary judgment, the only pending claims are the state law claims of defamation and retaliatory discharge, raised in Counts III and IV respectively. Defendants challenge those state law claims on two bases. First, they argue the court lacks diversity jurisdiction. Second, defendants argue that plaintiffs failed

3

to join the Local Union and International Union (collectively the "Unions") as necessary and indispensable parties to Count III. The court addresses each argument in turn.

A. Diversity Jurisdiction

Defendants contend that plaintiffs failed to establish complete diversity. In ruling on this Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff."[1] *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The relevant statute in this case, 28 U.S.C. § 1332(a)(1), gives federal courts diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As the Supreme Court has held, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

Despite defendants' arguments to the contrary,[2] a plain reading of the fourth amended

---

[1] There is no factual dispute here about where the parties reside, and thus the court need not look beyond the allegations in the complaint. *Compare Capitol Leasing*, 999 F.2d at 191 (setting forth general standard of accepting truth of allegations) *with Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979) (giving examples of when court would need to look beyond complaint and examine evidence submitted to determine whether subject matter jurisdiction exists).

[2] Defendants argue that diversity fails because both the Unions and plaintiffs are Illinois citizens. This argument stems from (1) plaintiffs' decision not to delete Counts I and II when they amended the complaint, and (2) the fact that the Unions' names still appear in the caption. This argument fails for the simple reason that the Unions are not defendants in this action. Counts I and II are no longer pending, the Unions are not named defendants in Counts III or IV, and it is irrelevant that the Unions' names appear in the caption; "a plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

4

complaint shows that plaintiffs have adequately pleaded diversity jurisdiction. In Count III, Florian (an Illinois citizen) is suing Boyle (an Indiana citizen) and Sequa (a Delaware corporation with its principal place of business in New York) for more than $100,000 in damages.³ Likewise, in Count IV, Rolfe (an Illinois resident) is suing Sequa (a Delaware corporation with its principal place of business in New York) for more than $100,000 in damages. No defendant is a citizen of the same state as plaintiffs, and the amount in controversy exceeds $75,000, so the court has diversity jurisdiction.

Defendants argue that Florian improperly evaded the complete diversity requirements the Supreme Court set out in *Owen* by removing the Local and International Unions from Count III of the *fourth* amended complaint. In *Owen*, the plaintiff, an Iowa citizen, filed a wrongful death action in federal court against a Nebraska corporation, Omaha Public Power District ("OPPD"). *Owen*, 437 U.S. at 367. OPPD then filed a third-party complaint against an Iowa corporation, Owen Equipment and Erection Co. *Id.* at 367-68. Subsequently, the plaintiff amended her complaint to bring claims against Owen as an additional defendant. *Id.* at 368. But the plaintiff clearly could not have sued an Iowa defendant in her original pleading. The Supreme Court therefore held that the plaintiff could not evade diversity jurisdiction requirements by waiting for OPPD to implead the Iowa corporation, then amending her complaint to bring her claims against that non-diverse entity. *Id.* at 374.

There is a critical factual distinction between *Owen* and the instant case: Florian, unlike

---

³In paragraph 15 of Count III of the fourth amended complaint, plaintiffs alleged that in addition to Sequa, the Local Union and International Union were also liable for damages for defamation. Whether that reference was inadvertent (as plaintiffs contend) is irrelevant. Even if the Unions are potentially liable, Florian does not seek to recover from them: the Unions are neither named defendants in Count III nor are they included in the prayer for relief.

5

the plaintiff in *Owen*, did not amend his complaint to include a non-diverse defendant. Instead, in the fourth amended complaint, Florian decided to sue only diverse defendants Sequa and Boyle. As the master of his complaint, Florian is entitled to make this decision to maintain diversity.[4]

Because the defendants in Counts III and Count IV of the fourth amended complaint are completely diverse from the plaintiffs and the amount in controversy exceeds $75,000, this court has diversity jurisdiction. Defendants' motion to dismiss these counts for lack of subject matter jurisdiction is denied.

B.  Rule 19: Failure to Join a Necessary & Indispensable Party

Defendants also contend that plaintiffs failed to join the Local and International Unions as necessary and indispensable parties to Count III. In ruling on a motion to dismiss for failure to join a necessary and indispensable party, the court must accept the allegations of the complaint as true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001); *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 499 (7th Cir. 1980). Defendants have the burden of showing that the Local and International Unions must be joined for just adjudication. *Pudela v. Swanson*, No. 91 C 3559, 1996 WL 754106, *4 (N.D. Ill. Dec. 31, 1996). Furthermore, the court may grant defendants' 12(b)(7) motion only if one (or both) of the Unions is a necessary *and* indispensable party under Fed. R. Civ. P. 19.

The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v.*

---

[4]Of course, under *Owen*, if Sequa or Boyle were to implead the Unions as third-party defendants, Florian would not be able to sue the Unions without destroying diversity. Diversity would also be destroyed if the Unions were necessary and indispensable parties. However, as discussed in the next section, the Unions are neither necessary nor indispensable parties.

6

*Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). "Rule 19 establishes a two-step inquiry for determining when it is proper to dismiss an action for inability to obtain jurisdiction over an individual with an interest in the litigation." *Hansen v. Peoples Bank*, 594 F.2d 1149, 1150 (7th Cir. 1979); *Burger King Corp. v. Am. Nat'l Bank and Trust Co.*, 119 F.R.D. 672, 674 (N.D. Ill. 1988).

The court's first inquiry is whether the absent party is a "necessary party" within the meaning of Rule 19(a). *Touhy v. N. Trust Bank*, No. 98 C 6302, 1999 WL 342700, at *5-6 (N.D. Ill. May 17, 1999); *Burger King*, 119 F.R.D. at 675. Necessary parties are "all those persons who should be joined [to the action], including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b)." 7 Charles Alan Wright et al., *Federal Practice & Procedure* § 1604, at 35-36 (3d ed. 2001); *see also Burger King*, 119 F.R.D. at 674-75. Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party . . . .

Fed. R. Civ. P. 19(a). If the absent party does not satisfy the criteria for a necessary party, the court's analysis ends.[5] 7 Wright et al., *supra*, § 1607, at 84. If, on the other hand, an absent

---

[5]Despite this rule, in the case at bar the court conducts the complete Rule 19 analysis, primarily because defendants addressed only the Rule 19(b) factors in their briefs.
  Defendants relied on two Seventh Circuit cases that deemed Rule 19(a) inapplicable in cases where joinder of the absent party would destroy diversity jurisdiction. *See Pasco*, 637 F.2d at 500; *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 452 (7th Cir. 1977).

7

party meets the Rule 19(a) criteria, he is a "necessary" party and must be joined if feasible. *Burger King*, 119 F.R.D. at 675.

Rule 19(b) therefore comes into play only if an absent party is necessary and joinder is impossible, such as when the court lacks personal jurisdiction over the party or joining the party would destroy diversity jurisdiction. *Burger King*, 119 F.R.D. at 675; 7 Wright et al., *supra*, § 1607 at 84. In that case, the court next inquires whether a necessary party "is so 'indispensable' to the litigation that the court cannot in 'equity and good conscience' proceed in the party's absence." *Burger King*, 119 F.R.D. at 675 (quoting *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 109 (1968)). Rule 19(b) sets forth a four-factor test to determine if a necessary party is indispensable. *Id.* The four factors to be considered by the court include:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an

---

The proper analysis, however, is to determine first whether the parties are necessary under Rule 19(a) before turning to the Rule 19(b) analysis: Rule 19(b), on its face, applies only to an absent party who satisfies the Rule 19(a) criteria. Fed. R. Civ. P. 19; see *Provident Bank*, 390 U.S. at 108; *Burger King*, 119 F.R.D. at 675; 7 Wright et al., *supra*, § 1607, at 84. Significantly, the *Pasco* court's decision is consistent with this approach, notwithstanding its statement regarding the inapplicability of Rule 19(a). In *Pasco*, because the appellant argued only that the absent party was not indispensable, the court assumed (without deciding) that the party in question was a necessary party under Rule 19(a) before proceeding with its Rule 19(b) analysis. *Pasco*, 637 F.2d at 500 n.6. Accordingly, the court first will determine whether the Unions are necessary parties under Rule 19(a) before analyzing whether they are indispensable parties under Rule 19(b).

Although defendants' arguments respond only to Rule 19(b), "the four-factor analysis mandated by Rule 19(b) overlaps to a large extent with that required by Rule 19(a)." *Burger King*, 119 F.R.D. at 679. Specifically, the first factor in Rule 19(b) is the counterpart to Rule 19(a)(2)(i) and the third factor in Rule 19(b) is the counterpart to Rule 19(a)(1). *Id.* The court will therefore consider defendants' arguments in both its Rule 19(a) and Rule 19(b) analyses.

adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). If the court determines the absent party is not an indispensable party, the case can go forward without that party. 7 Wright et al., *supra*, § 1611, at 162. If the absent party is an indispensable party, however, the case must be dismissed. *Id.*

### 1. *Necessary Parties under Rule 19(a)*

Upon examination of the two factors in Rule 19(a), the court finds that the Unions are not necessary parties. Rule 19(a)(1) is concerned with the parties before the court, rather than the absent parties. *United States v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996). Thus, "the term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Davis*, 268 F.3d at 484 (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). Defendants have failed to meet their burden of proving that the Unions are necessary parties to Count III, which concerns defamatory statements allegedly made by defendants (or their agents), and their liability to Florian for resulting damages.[6] If Florian prevails in this litigation and recovers damages from defendants, his claim would be fully resolved. Likewise, in the event defendants defeat Florian's

---

[6] From the face of the fourth amended complaint, it appears that Florian seeks to hold both defendants liable for Damron's statements, although it is unclear what his theory could be to hold Boyle liable for those statements. That particular issue is not before the court, but defendants did raise a related issue in their reply brief which the court can dispose of quickly. Defendants claim that plaintiffs' theory of liability against them throughout the course of this litigation has been based solely on Boyle's conduct, not Damron's. Defendants thus claim that they were deprived of the opportunity to investigate and defend against this claim, and would need additional discovery. The court rejects this argument because, other than adding jurisdictional allegations and dropping the Unions as defendants in the amended Count III, the defamation claim has not changed: the previous version specifically alleged that Damron acted on behalf of both the Local Union and Sequa. Further, the claim remains exactly the same with respect to Boyle. Defendants' argument that plaintiffs have changed their theory of liability rings hollow.

9

claim, there would also be complete resolution among the parties. Complete relief to Florian does not require joinder of the Unions.

Defendants, however, argue that complete relief cannot be granted in the Unions' absence because defendants may have a contribution claim against the Unions if Florian prevails and receives money damages.[7] But the prospect of later litigation is not in itself sufficient to make the Unions necessary parties. The class of parties with claims most likely to lead to this sort of relitigation, "tortfeasors with claims for indemnity or contribution[,] are not even necessary parties under Rule 19(a) let alone indispensable parties under Rule 19(b)." *Pasco*, 637 F.2d at 505. Because the liability of potential "joint tortfeasors is several, one of a number of joint tortfeasors . . . may be sued alone." *Id.* at 503 (internal quotation marks omitted). Florian's defamation claim is a tort subject to joint and several liability. If the Unions are joint tortfeasors, as defendants seem to imply, Florian is not required to sue them. There is no prejudice to defendants because they can sue the Unions for contribution if it turns out that Damron was acting on behalf of both defendants and the Unions. (Of course, if it turns out that Damron was acting only as a Union officer, defendants are not liable at all.) As noted by the Advisory Committee when Rule 19 was last amended in 1966, the description of necessary parties in Rule 19(a) is "not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several liability' is merely a permissive party to an action against another with like liability. Fed. R. Civ. P. 19 advisory committee's notes; *see also Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named

---

[7]As discussed in more detail in the Rule 19(a)(2) analysis, if defendants are liable for the allegedly defamatory statements made by Richard Damron as alleged in Count III, they may be able to seek contribution from the Unions because Damron evidently is both a Local Union officer and a Sequa employee.

10

defendants in a single lawsuit."). Because Rule 19 was not designed to avoid the possibility of such subsequent lawsuits, the prospect of future litigation between defendants and the Unions does not make the Unions necessary parties under Rule 19(a)(1).[8]

Nor are the Unions necessary parties under Rule 19(a)(2). "If the absent party has a legally protected interest in the subject matter of the action [such as when he is a party to a contract at issue] he falls squarely within the terms of Rule 19(a)(2)." *Burger King*, 119 F.R.D. at 675. However, if the party has only a "financial interest, or [an] interest of convenience," he falls outside the bounds of Rule 19(a)(2). *Id.* In the present case, there is no evidence that the Unions have a legally protected interest relating to Florian's defamation lawsuit against defendants.[9] Defendants argue that a judgment rendered in the Unions' absence would prejudice the Unions because they are potentially liable and because defendants may seek contribution from them,[10] but those arguments fail. In Count III, Florian alleges that Damron made defamatory remarks when he was acting within the scope of his employment with Sequa, and seeks damages from defendants as a result. He does not seek to hold the Unions liable for defamation, and, as explained above, the fact that defendants may seek contribution from the Unions does not mean that the Unions have a legally protected interest that could be impeded or impaired. The Unions are not necessary parties under Rule 19(a)(2)(ii).

---

[8] Nor does the possibility of future litigation between Florian and the Unions make the Unions necessary parties.

[9] Unlike Rule 19(a)(1), which is concerned with the parties before the court, Rule 19(a)(2)(i) is concerned with prejudicing the absent parties. *Tribal Dev. Corp.*, 100 F.3d at 480.

[10] This argument is based on an inadvertent reference in the fourth amended complaint to the Unions' liability. Defendants link that inadvertent reference to Florian's allegation about defamatory statements made by Richard Damron. Although Florian identifies Damron only as a Sequa employee, defendants point out in their briefs that Damron is also a Local Union officer.

11

## 2. *Indispensable Parties under Rule 19(b)*

Even assuming the Unions were necessary parties, this case could proceed if they were not indispensable. To determine whether a party is indispensable, Rule 19(b) lists four factors for courts to consider. Applying these factors to the present case, the court concludes that the Unions are not indispensable parties.

The first Rule 19(b) factor is whether judgment without the absent parties would be prejudicial to either the absent or the existing parties. As discussed above, defendants' prejudice arguments are unpersuasive.

Furthermore, defendants can protect themselves from the possibility of inconsistent verdicts by impleading the Unions under Rule 14 as parties "'who [are] or may be liable to [defendants] for all or a part of the plaintiff's claim.'" *Pasco*, 637 F.2d at 503 (quoting Fed. R. Civ. P. 14(a)). According to the Seventh Circuit, such an action would not circumvent Rule 19 because "the existence of the Rule 14 provisions demonstrates that parties . . . who may be impleaded under Rule 14 are not indispensable parties within Rule 19(b). If persons subject to rights of indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14." *Id.* Thus, the first Rule 19(b) factor weighs against finding the Unions as indispensable parties because a judgment rendered in the Unions' absence would not prejudice the Unions, Sequa, Boyle, or Florian. As a result, the second factor (whether prejudice can be lessened or avoided by protective provisions in the judgment, the shaping of relief, or other measures) drops out of the analysis because there is no prejudice to lessen or avoid.

The third factor in the Rule 19(b) analysis is whether a judgment rendered in the party's absence will be adequate. As determined in the court's Rule 19(a)(1) analysis, a judgment

12

rendered in the Unions' absence will be adequate because, if Florian wins, there is no reason to think he will not be able to obtain complete relief from defendants. Thus, the third Rule 19(b) factor weighs against the Unions' indispensability.

Finally, the fourth Rule 19(b) factor is whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. While Florian may have an adequate remedy for defamation in state court, courts "do not view the availability of an alternate remedy, standing alone, as a sufficient reason for deciding that the action should not proceed among the parties before the court." *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 453 (7th Cir. 1977) (internal quotation marks omitted). Thus, while this factor weighs in favor of finding the Unions to be indispensable, it is insufficient on its own to mandate such a result. In sum, application of the "equity and good conscience" test of Rule 19(b) to the facts of this case convinces the court that the Unions are not indispensable parties.

Because defendants have failed to establish that the Unions are either necessary or indispensable parties (let alone both), their motion to dismiss Count III pursuant to Rule 12(b)(7) is denied.

## Conclusion

For the reasons set forth above, the court denies the defendants' motion to dismiss.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: December 16, 2002

13